IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| IN RE: | DORISIA BURNS, Debtor<br>1009 Davis Street<br>P. O. Box 896<br>Yazoo City, Mississippi 39194<br>SSN: xxx-xx-3647 | CASE NO.:<br>CHAPTER: | 12-02824-NPO<br>13 |

DORISIA BURNS                                                                    PLAINTIFF

VS.                                                              ADV. PROC. NO.:_____

HOME ZONE SALES &
LEASE PURCHASE, LLC                                                        DEFENDANT

## COMPLAINT SEEKING DAMAGES FOR VIOLATION
## THE AUTOMATIC STAY

COMES NOW the Debtor, DORISIA BURNS, by and through the undersigned counsel, and files this her Complaint Seeking Damages for Violation of the Automatic Stay and would show unto the Court the following facts, to-wit:

1. On August 31, 2012, the Plaintiff/Debtor Dorisia Marie Burns ("Burns") commenced a voluntary case under Chapter 13 of the Bankruptcy Code, by filing a petition which has been assigned Case No. 12-02824-NPO in this Court. An order for relief was entered in this case on that same date pursuant to 11 U. S. C. § 301, thus triggering an automatic stay, pursuant to 11 U. S. C. § 362(a), of all debt collection against Burns.

2. This Court has jurisdiction to hear this matter pursuant to 28 U. S. C. § 1334, as amended, because this matter arises in that case and is related to it. This

proceeding is a core proceeding.

3. The Defendant Home Zone Sales & Lease Purchase, LLC ("Home Zone") is a creditor of Burns. It is a domestic limited liability company and process may be had upon this Defendant by serving a copy of the summons and complaint upon the office manager at 110 N Jerry Clower Blvd, Yazoo City, Mississippi 39194 or by serving the registered agent who is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Home Zone is scheduled as a creditor holding a secured claim on Schedule D attached to the voluntary petition filed by Burns.

4. On September 1, 2012, an employee/agent of Home Zone named "Quinn" placed telephone calls to Burns at her home. At approximately 10:50 a.m., Quinn arrived at Burns' home to repossess her bedroom set. Burns immediately informed Quinn that she (Burns) had filed a bankruptcy case. Quinn stated "That has nothing to do with us" or words to that effect. Quinn told Burns that Home Zone would "file charges" against Burns. Burns denied Quinn entry into her home and gave Quinn one of her counsel's business cards. Thereafter and later in the day, a representative from Home Zone returned to Burns' home and left a green colored note on Burns' door. Further, representatives from Home Zone called Burns' home three or four more times that day.

5. Three days later on September 4, 2012, a representative from Home Zone began placing telephone calls to Burns' home. Burns ignored these calls and placed a telephone call to the office of her counsel and obtained her bankruptcy case

number. At approximately 10:09 a.m., Burns placed a telephone call to Home Zone. During this call, she spoke to William Willis ("Willis"), the store manager. She advised Willis that she had filed a bankruptcy case and provided Willis with the case number of her bankruptcy case and contact information for her legal counsel. Willis advised Burns that he would be filing embezzlement charges against Burns later that day.

6. At approximately 2:10 p.m. on September 4, 2012, Willis arrived at Burns' home. Willis was accompanied by two other agents and/or employees of Home Zone. Willis placed a telephone call to Quinn and informed Quinn to call the police. Burns was not present at her home when Willis and the others arrived. Willis and the others pushed their way in the Burns' home without permission.

7. Shortly after the arrival of Willis and the others at her home, Burns arrived. At approximately 2:15 p.m. on the same date, and while Willis and the others were present in her home, Burns placed a call to the undersigned counsel's office. The undersigned counsel spoke directly to Willis during this call. The undersigned counsel advised Willis that Burns had filed a bankruptcy case on August 31st at 11:13 a.m. Willis informed the undersigned counsel that he (Willis) had no notice of any bankruptcy case. Willis stated that because he had no official notice of any bankruptcy case, he would continue with his repossession efforts.

8. Willis and the others remained in Burns' home after Willis spoke to the undersigned counsel and continued with the repossession effort. On numerous occasions while Willis and the others were present in her home, Burns instructed

Willis and the others to leave her home at once. They refused to leave.

9. While present in her home on September 4, 2012, Willis and/or other representatives of Home Zone ransacked the room where her bedroom set was located leaving things in disarray.

10. On September 4, 2012, Willis and the others removed a bedroom set, including a mattress, box springs, night stand, dresser, and mirror from Burns' home. They also removed a refrigerator.

11. During the time that Willis and the others were in Burns' home and on her property, several of Burns' neighbors witnessed the events complained of herein.

12. At all times relevant hereto, Willis and the others with him were agents and/or employees of Home Zone acting on behalf of Home Zone and in the course and scope of their employment or agency with Home Zone. At all times relevant hereto, all actions taken by Willis and the others were intentional.

13. As a direct and proximate result of the aforementioned actions of Willis and the others on behalf of Home Zone, Burns has suffered substantial and continuing damages.

WHEREFORE, PREMISES CONSIDERED, Burns prays that this Court will grant to her the following relief:

a. Final judgment declaring Home Zone to be in willful and contumacious civil contempt of this Court by repeatedly violating the automatic stay granted herein on August 31, 2012;

b. Final judgment awarding Burns compensatory and punitive damages, plus

    attorney's fees and costs, pursuant to 11 U. S. C. § 362(k) and for contempt of court; and

c.    Such other or additional relief to which Burns may be entitled in these premises.

Respectfully submitted,

DORISIA BURNS

By: _____
EDWIN WOODS, JR. (MB# 8893)

OF COUNSEL:

BOND BOTES & WOODS, P.C.
130 Southpointe Drive, Ste. D
Byram, Mississippi 39272
Telephone: (601) 353-5000
Facsimile: (601) 372-7140