U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 13 2013
DANNY L. MILLER, CLERK
BY_____CR_____DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                    DORISIA MARIE BURNS,
                                                          DEBTOR          CASE
                                                          NO. 12-02824-NPO
                                                          CHAPTER 13


DORISIA MARIE BURNS

                                                                              PLAINTIFF

VS.
                                                          ADV. PROC. NO. 12-
                                                          00101-NPO

HOME ZONE SALES AND
LEASE PURCHASE, LLC                                                           DEFENDANT


**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COMES NOW, the Defendant, Homezone, and proposes the following findings of fact and conclusions of law, to-wit:

### PROPOSED FINDINGS OF FACT

1.   The Plaintiff, Dorisia Marie Burns filed a voluntary petition pursuant to 11 U.S.C. Sec. 301 seeking relief under Chapter 13 of the Bankruptcy Code on August 31, 2012.

2.   The Defendant, Home Zone Sals and Lease Purchase, LLC, is a creditor of Dorisia Marie Burns and scheduled as such in Burns' bankruptcy case.

3.   Between August 31, 2012 and September 3, 2012, Defendant had no notice of any kind of Plaintiff's bankruptcy filing. Neither Plaintiff nor her attorneys of record provided verbal or written notice of the filing during this time period.

4.   The first verbal notice came on September 3, 2012 in the form of a conversation between

Quinn Wright, accounts manager, and Ms. Burns. Also, at that time Ms. Burns provided Quinn Wright with a business card from Bond, Botes, and Woods, P.L.L.C. On September 3, 2012, Quinn Wright showed and/or gave the business card to William Willis. Mr. William Willis was his acting store manager.  No NPO number, style, or other information was provided by Dorisia Burns or her attorney until September 4, 2012 after the bedroom set was picked up by Home Zone. Formal notice was received by the Defendant from the Bankruptcy Court September 22, 2012.

5. On September 4, 2012, Mr. William Willis went to the Ms. Burns' residence to discuss her account believing only that Ms. Burns intended to file bankruptcy. Mr. Willis had leased and re-leased the bedroom set at issue to Ms. Burns at least three times between March, 2012 and September 4, 2012. Her account was in default frequently, and this bedroom set and other Home Zone furniture had been picked up at least two other times in the recent past – March, 2012 and June, 2012. Each time Ms. Burns' account with Home Zone was in default, Mr. William Willis negotiated with Ms. Burns to help her keep what she could afford. On this occasion, she was more than 30 days past due and was avoiding Home Zone, it's employees and representatives. The lease agreement with Home Zone placed the lessee in default after 1 day late with the weekly payments.

6. On September 4, 2012, Mr. William Willis hoped to negotiate for Ms. Burns to keep the mattress set because he felt she could afford it. Ms. Burns was not home so he made the decision to pick up the Home Zone property because she had been avoiding him. The owner of the Ms. Burns' residence, Ms. Doris Braxton, was home. Ms. Braxton gave Mr. William Willis permission to come into the home to retrieve the Home Zone property. Mr. William Wills with

the assistance of Morris Williams and Gerald McCollough, loaded the Home Zone bedroom set leased by Ms. Burns and a refrigerator leased by Wanda Griffin.

7.     When Plaintiff arrived at her residence, she provided second verbal notice of the bankruptcy and she placed a call to her attorneys of record. Mr. William Willis agreed to take the phone and speak to her attorney. Mr. William Willis requested a letter confirming the bankruptcy and the fact of her representation by the person to whom he was speaking. Mr. William Willis did not immediately acknowledge the automatic stay as trained by Home Zone because Ms. Burns and her attorney only wanted the refrigerator left in the home for Ms. Burns. The refrigerator was not a part of Ms. Burns' bankruptcy and was not protected by the automatic stay. Ms. Wanda Griffin was also in default on her lease. As Mr. William Willis was trained not to discuss other customer's accounts with a third-party, he was not at liberty to engage in discussion about the retention of the refrigerator.

8.     A letter was faxed from Bond, Botes, & Woods to Mr. William Willis at Home Zone. The letter did not provide an NPO number, a style or have a copy of the Ms. Burns bankruptcy petition attached to it. The letter also only referenced the return of the refrigerator. However, Mr. William Willis immediately acknowledged the protection of the automatic stay and offered to return the bedroom set that was included in Ms. Burns' bankruptcy. Both Ms. Burns and her attorney rejected the offer to return the bedroom set. Both Ms. Burns and her attorney only insisted upon the return of the refrigerator.

9.     During the pick up of the property, Home Zone employees were polite, profession and respectful of Ms. Burns, her son and Ms. Doris Braxton. Ms. Burns, however was extremely disrespectful and rude to her aged and ailing mother, Doris Braxton, in the presence of the Home

Zone employees because Ms. Burns was mad Ms. Braxton let Home Zone in the home.  Ms. Burns' son became irate, used profanity, and kicked down a fence almost striking the neighbor's car.  This was the only problem that occurred during the pick up of the bedroom set.  William Willis did not shove the Ms. Burn's son to gain entry to the residence of Ms. Burns.  He only entered after obtaining permission of the home owner, Doris Braxton.  Mr. Willis did not refuse to leave the property.  The police were not called to the residence of the Plaintiff, and no Home Zone employee threatened to call the police on the Plaintiff or her family.  Plaintiff was not threatened with a court order or any other legal or criminal action.  William Willis did not claim that she file bankruptcy fraudulently. Mr. Willis denies that Ms. Burns provided him with the NPO number.

10.	Defendant did not file a claim in Plaintiff's bankruptcy.

12.	Home Zone had good intentions and really wanted to help Ms. Burns.  This is shown by the past conduct of the store employees who were really trying to help Ms. Burns keep what she could afford.  Home Zone's conduct between the date of the filing and September 4, 2012 was not egregious. Mr. William Willis never shoved Ms. Burns' son. The Home Zone employees at Plaintiff's home were polite, profession and cordial.  There is no evidence to support an award of punitive damages.

13.	Ms. Burns does not have any actual damages that are recoverable.  Her damages cannot be proven with reasonable certainty and are all speculative.

14.	The litigation was not necessary.  Home Zone offered to correct the situation immediately.  As the litigation was not necessary, the attorney's fees and are not reasonable or recoverable.  Home Zone has repeatedly asked for Ms. Burns actual damages so that the situation

could be rectified and Ms. Burns' delayed in providing that information.

15.    Home Zone, in good faith, believed that they had to have written verification of the bankruptcy filing. Home Zone is now aware of this Court's ruling in the Matter of In Re Touya J. Johnson, Case no. 11-02071-NPO which was entered on August 28, 2012, just three days before Ms. Burns bankruptcy filing. At no time between August 31, 2012 and September 4, 2012, did Home Zone intend to disregard the rule of law on verbal versus written notice.

16.    Plaintiff alleges that she received calls and voice mails from Home Zone, but she had not provided any credible evidence to prove that all alleged calls were made by Home Zone. She indicated that she saw Home Zone's name and number on caller ID and that Home Zone employee left messages on her voice mail, but she has not produced any caller ID records, telephone records, any voicemail recordings or other documented proof that Defendant made there calls.

17.    Home Zone did not threaten police action against Plaintiff. Plaintiff admits in her deposition that she was not threatened with Police Action by Home Zone. She testified that if the police were called it would just be for a stand-by.

## PROPOSED CONCLUSIONS OF LAW

1.    A letter was faxed from Bond, Botes, & Woods to William Willis at Home Zone. The letter did not provide an NPO number, style or have a copy of the Ms. Burns bankruptcy petition attached to it. The letter also only referenced the return of the refrigerator that was not included in the Plaintiff's bankruptcy.

2.    On September 4, 2012, Home Zone, its employees and representatives flagged Ms. Burns' account as in bankruptcy, stopped all communication and contact with Ms. Burns and her

family, and ceased all collection or other actions against Ms. Burns. No contact or communication of any kind has occurred between Ms. Burns and Home Zone, its employees and representatives since September 4, 2012.

3. Home Zone had good intentions and really wanted to help Ms. Burns. This is shown by the past conduct of the store employees who were really trying to help Ms. Burns keep what she could afford. Home Zone's conduct between the date of the filing and September 4, 2012 was not egregious. The Home Zone employees at Plaintiff's home were polite, profession and cordial. There is no evidence to support an award of punitive damages.

4. Plaintiff's damage claim is speculative. Plaintiff and her attorney were in the best position to mitigate her damages by speaking to Home Zone. Once second verbal notice was received by the store manager, William Willis, Home Zone stopped all collection efforts and immediately offered to return the bedroom set to Ms. Burns. Even accepting the date of September 1, 2012, there was only a matter of three days before Home Zone picked up the bedroom set and offered to return it.

5. Defendant did not file a claim in Plaintiff's bankruptcy.

6. Ms. Burns, her children and her mother, all have preexisting injuries for which they all have been receiving treatment for years. There has been no documented proof of any emotional injury caused by any conduct of Home Zone. There is no support for Plaintiff's punitive damages claim. There are no facts that show that Defendant, its employees and representative conducted themselves in an egregious manner. Plaintiff did not lose property. It was a lease agreement that she was in default on and the Defendant offered to return the property to rectify the situation.

7.  Ms. Burns does not have any actual damages that are recoverable. Her damages cannot be proven with reasonable certainty.

8.  Plaintiff has not mitigated her damages as required under applicable law. The bedroom set was offered to be returned immediately. Home Zone even after filing of the litigation has offered to rectify the situation. Ms. Burns leased and purchased other furniture, but has neglected to provide copies of these lease and purchase agreements despite being specifically requested in discovery.

9.  All of the emotional and physical injuries complained of by the Plaintiff on her behalf and behalf of her children and mother, Doris Braxton, are preexisting. There are no new physical manifestations of any emotional injury described as being causally related to the events that occurred between August 31, 2012 and September 4, 2012. Home Zone did not cause any injury to Plaintiff, her children or her mother. Home Zone did not exacerbate any pre-existing injury to Plaintiff, her children or her mother.

RESPECTFULLY SUBMITTED,

HOME ZONE SALES & LEASE PURCHASE, LLC.

_____
ASHLEY H. HENDREN (MSB#9827)

ASHLEY H. HENDREN
THE HENDREN LAW FIRM, PLLC
1117 WASHINGTON AVENUE
OCEAN SPRINGS, MS 39564
TEL. 228-872-8878
FAX 228-447-3710